IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL L. WATTS,                                         :

          Plaintiff                          :   CIVIL ACTION NO. 3:02-64

                              :

v.                                                       :       (JUDGE NEALON)

                              :  (MAGISTRATE JUDGE BLEWITT)

KATHLEEN HAWKINS-SAWYER                :

ET AL.,                                                  :

          Defendants                       :

## MEMORANDUM AND ORDER

On July 15, 2005, plaintiff, Michael L. Watts, proceeding pro se,

filed a motion in which he requested the Court to schedule a pretrial conference in

his §1983 civil action wherein he claims to have been injured by the use of excessive

force by Defendants, Correctional Officers, Keiper, Woody, Valentine and Burke.

Additionally, he advises that he seeks subpoenas for the appearance of his named

witnesses at the trial.  Previously, plaintiff had submitted a list of thirty (30) witnesses

together with twenty-one (21) proposed exhibits.  From the brief description of the

proposed testimony of the identified witnesses, it appears that many are inmates,

former inmates, Bureau of Prison officials and employees, and medical witnesses.

As to non-inmate witnesses, their presence at trial must be obtained by

subpoena pursuant to Fed.R.Civ. P. 45 and, under subsection (b), tender must be

made of fees for one day's attendance and the mileage allowed by law.  28 U.S.C.

§1821.  The Court has no authority to order the Government to pay such fees on

behalf of a pro se defendant.  Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir. 1987),

Canady v. Kreider, 892 F.Supp. 668 (M.D. Pa. 1995).

The procedure for obtaining inmate witnesses is through a Writ of Habeas

Corpus Ad Testificandum.  28 U.S.C. §2241.  However, the Court will exercise its

discretion when a Petition for a Writ is submitted.  Moreover, in a §1983 action, even

an inmate plaintiff does not have a constitutional right to be present at the trial.

Stone v. Morris, 546 F.2d 730 (7th Cir. 1976).  In determining whether the plaintiff

should be present at trial, the Court should take into account the costs and

inconvenience of transporting him from the prison to the place of trial, the security

risk, the substantiality of the matter at issue, and the interests of the inmate in

presenting his case in person.  Jerry v. Francisco, 632 F.2d 252 (3rd Cir. 1980).  If

the Court decides not to issue a writ for plaintiff's appearance, the action should not

be dismissed until alternative means have been explored, viz., testimony by

deposition or telephone, appointment of counsel, non-jury trial or proceedings at the

prison, and postponement of the trial if the plaintiff is to be released in a reasonable

time.  Holt v. Pitts, 619 F.2d 558 (6th Cir. 1980); Pollard v. White, 738 F.2d 1124 (11th

Cir. 1984) (Cost and risk of transporting §1983 plaintiff from Illinois to Alabama

justified Court's refusal to issue a Writ of Habeas Corpus Ad Testificandum for

appearance at trial.)

Furthermore, the Court may also preclude deposition testimony of inmate witnesses if it is repetitious or cumulative. <u>Brown v. Frame</u>, 1985 WL 3415 E.D. Pa. 1983.

In the instant case, plaintiff appears to be requesting the Court to issue subpoenas and Writs of Habeas Corpus Ad Testificandum for some thirty (30) witnesses. As has been pointed out, he is not entitled to have the Government bear these costs.

Prior to taking action on plaintiff's request for a pretrial conference, he will be required to advise the Court as to whether he is financially able to provide 1) the fees and transportation costs for his non-inmate witnesses, and 2) the transportation costs for himself and the proposed inmate witnesses.

Furthermore, if he is unable to satisfy these expenses, he is to indicate the options he would want the Court to consider in the event the Court determines that the Government need not transport him or his witnesses to the place of trial in Scranton, Pennsylvania.

Plaintiff's responses to the above questions must be considered before a determination may be made on the relevance of, and necessity for, the witnesses previously identified by him.

Therefore, IT IS ORDERED that plaintiff, Michael L. Watts, answer and submit to the Court no later than September 16, 2005:

1.  Whether he is financially capable of paying the fees and transportation costs of those inmate and non-inmate witnesses identified in Document 195 ; and

2.  The options he would request the Court to consider for presenting his case in lieu of a trial in the United States Courthouse in Scranton, Pennsylvania.

The Clerk is directed to serve this Memorandum and Order on plaintiff by Certified Mail, Return Receipt Requested, and also by First Class Mail.


Date: August 30, 2005                      United States District Judge